## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| MERLIN FLOWERS, | ) |
| Petitioner, | ) |
| v. | ) Case No. 04-4061 |
| UNITED STATES, | ) |
| Respondent. | ) |

## **O R D E R**

Before the Court is Merlin Flowers's (Flowers's) Request for a Certificate of Appealability [Doc. # 17]. A certificate of appealability may only be issued where the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Further, the certificate of appealability must "indicate which specific issue or issues satisfy the showing required." 28 U.S.C. § 2253(c)(3). To be granted a certificate of appealability when a habeas petition is denied on procedural grounds a petitioner must show (1) "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right"; and (2) "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

In his current request, Flowers raises five grounds in support of issuance of a certificate of appealability. Petitioner's first and second arguments are that the Court erred when it concluded that the nature of the drug did not impact the duration of Flower's sentence, and that counsel should have objected to the trial

court's imposition of an enhanced sentence based on the drug type. Previously, the Court found:

> Flowers argues that his sentence was enhanced because of the nature of the drug.  However, Flowers's sentence was mandated by statute to be 240 months because of his prior felony drug offense.  Thus, the nature of the drug did not impact the duration of his sentence.  Consequently, Flowers has not shown how he was prejudiced by counsel's alleged error and this claim fails.

Technically, Flowers is correct in asserting that had he been found guilty of possessing cocaine powder instead of cocaine base, his mandatory minimum sentence may have been less.  However, at trial Flowers stipulated to the results of the drug analysis, and he has presented no evidence to suggest the stipulated-to results were inaccurate.  Moreover, that analysis shows the substance Flowers possessed was crack.  Consequently, the Court finds Flowers has failed to make a substantial showing of the denial of a constitutional right as to either of these claims.

Flowers next argues that trial counsel was ineffective for failing to present favorable defense witnesses.  The Court denied relief on this claim because Flowers had not presented any statements from these allegedly favorable witnesses. Cf. Barry v. United States, 528 F.2d 1094, 1101 (7th Cir.), cert. denied, 429 U.S. 826 (1976).  Flowers has not attempted to cure this defect. Accordingly, the Court finds Flowers has failed to make a substantial showing of the denial of a constitutional right as to this claims.

Next, Flowers argues his trial counsel was ineffective for failing to contest the "execution of an unauthorized & invalid search warrant" and failing to contest the admissibility of the

evidence obtained during the search. In particular, Flowers argues that the search warrant was flawed because it was dated May 5, the day after the search took place, rather than May 4, the day of the search. As previously stated, this dating error was clearly a scrivenor's error having no impact upon the validity of the warrant. Accordingly, the Court finds Flowers has failed to make a substantial showing of the denial of a constitutional right as to this claims.

Finally, Flowers argues generically that his counsel's representation at trial was deficient. In its previous order, the Court addressed Flowers's numerous ineffective assistance of counsel arguments and found that none were viable. Flowers has not asserted anything here that would change that conclusion. Accordingly, the Court finds Flowers has failed to make a substantial showing of the denial of a constitutional right as to this claims.

## IV. CONCLUSION

IT IS THEREFORE ORDERED that Merlin Flowers's Request for a Certificate of Appealability [Doc. # 17] is DENIED.

Entered this  29th  day of March, 2006.

                                          s/Joe Billy McDade
                                          JOE BILLY McDADE
                              United States District Judge